IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| Petitioner, | : | CIVIL NO. 4:06-CV-1265 |
| v. | : | (Judge Caputo) |
| MARILYN BROOKS, *et al.*, | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| Petitioner, | : | CIVIL NO. 4:06-CV-1849 |
| v. | : | (Judge Caputo) |
| MARILYN BROOKS, *et al.*, | : | |
| Respondents. | : | |

# M E M O R A N D U M

## I.  Background

Petitioner, Edward J. Nicholas, while an inmate at the State Correctional Institution in Albion, Pennsylvania, commenced the above-captioned actions with *pro se* petitions for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Also pending in CIVIL NO. 4:06-CV-1849 is Petitioner's application to proceed *in forma pauperis* (Doc. 2). The Court has reviewed the two cases and found that they involve a common Respondent,[1] they arise from a common set of operative facts, and they involve common questions of

---

[1] Although Petitioner names several respondents in his caption, the proper Respondent in this action would be the "warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718 (2004).

law. For the reasons outlined below, the Court will direct that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a), and the consolidated matter will proceed under Civil Action No. 4:06-CV-1265, which was the action first filed by Petitioner.

## II.    Discussion

Under Rule 11 of the Rules Governing § 2254 Habeas Petitions, subject to exceptions not relevant here, the Federal Rules of Civil Procedure apply to § 2254 habeas proceedings. See Rule 11 of the Rules Governing § 2254 Habeas Petitions, 28 U.S.C. foll. § 2254 (1977). Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Although both petitions name several respondents, the only appropriate Respondent for both petitions would be the "warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718 (2004). Moreover, both petitions challenge Petitioner's conviction and sentencing in the Dauphin County Court of Common Pleas in criminal docket # 3685 of 1997 ("3685 CR 1997"). To obtain relief on the petitions, Petitioner bears the burden of demonstrating that the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of Federal law, as determined by the Supreme Court of the United States . . . [or] resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) and (2). The same conviction and sentence are challenged in both of the above-captioned actions, and the facts and legal

2

standard are identical for both.  Consequently, since the actions contain common factors of law and fact, and they involve the same parties, this Court will order the consolidation of the two actions pursuant to Rule 42(a) and will proceed with the consolidated matter under Petitioner's first filed action, Civil Action No. 4:06-CV-1265, upon the issues stated therein. An appropriate Order follows.

Dated: October 16, 2006.                      /s/ A. Richard Caputo  
                                                    A. RICHARD CAPUTO  
                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| Petitioner, | : | **CIVIL NO. 4:06-CV-1265** |
| v. | : | **(Judge Caputo)** |
| **MARILYN BROOKS,** *et al.*, | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| Petitioner, | : | **CIVIL NO. 4:06-CV-1849** |
| v. | : | **(Judge Caputo)** |
| **MARILYN BROOKS,** *et al.*, | : | |
| Respondents. | : | |

## O R D E R

**AND NOW, THIS 16th DAY OF OCTOBER, 2006,** in accordance with the foregoing memorandum**, IT IS HEREBY ORDERED THAT**:

1. Petitioner's application for leave to proceed *in forma pauperis* (Doc. 2) in CIVIL NO. 4:06-CV-1849 is **GRANTED** only for the purpose of filing the petition.

2. The Clerk of Court is directed to consolidate *Nicholas v. Brooks*, Civil Action No. 4:06-CV-1849 into *Nicholas v. Brooks*, Civil Action No. 4:06-CV-1265, pursuant to Federal Rule of Civil Procedure 42(a).

3.    The Clerk of Court shall **CLOSE** the file in Civil Action No. 4:06-CV-1849.

                                             /s/ A. Richard Caputo
                                             A. RICHARD CAPUTO
                                             United States District Judge