IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 4:06-CV-1265** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **MARILYN BROOKS,** *et al.,* | : | |
| | : | |
| **Respondents.** | : | |

## M E M O R A N D U M

### I.   Introduction

Petitioner, Edward J. Nicholas, an inmate at the State Correctional Institution in Albion, Pennsylvania, commenced this action Iin the United States District Court for the Western District of Pennsylvania ("Western District") by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254.   Thereafter, the Western District transferred the case to this Court.  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court issued an Order (Doc. 5) advising Petitioner that: (1) he could have the document ruled on as filed, or (2) withdraw his petition and file one, all-inclusive § 2254 petition.  Petitioner responded by submitting a Notice of Election (Doc. 8) in which he opted to have his petition considered as filed.  On July 24, 2006, the Court issued a Show Cause Order (Doc. 13), directing Respondents to answer the petition within twenty (20) days.  Respondents filed a motion to file a partial answer to the petition, alleging that the petition is time-barred.  The Court granted the motion, Respondents filed a partial answer raising the limitations issue, and Petitioner did not file a traverse within the time allowed by the Show Cause Order.  The petition is presently ripe for disposition, and for the reasons that follow, the petition will be

dismissed as untimely.

## II.   **Background**

Unless otherwise noted, the following facts are extracted from Respondents' Brief in Opposition to Petition For Writ of Habeas Corpus[1] (Doc. 23 at 5-10.)  On May 15, 1998, following a jury trial, Petitioner was found guilty of aggravated assault and acquitted of the charges of robbery and criminal conspiracy.  (Doc. 6 at 3.)  The charges arose from an incident which occurred in the early morning hours of August 17, 1997.  Trial testimony from Petitioner's co-defendant established that while Petitioner was standing in an alley with his victim, he grabbed the victim from behind as the victim attempted to leave the alley, threw the victim into a wall, and dragged the victim down the alley.  (Doc. 23 Ex. 1 at 3.)  The victim alleges that he was punched eight or nine times during the assault.  (*Id*. at 2.)  "As a result of these blows, the victim, who suffers from a mild form of cerebral palsy and has a history of seizures, suffered a broken jaw and the loss of four teeth."  (*Id*.)

On July 10, 1998, Petitioner was sentenced to a term of imprisonment of six and a half to twenty years.  (*Id*. at 3; Doc. 6 at 3.)  Petitioner filed timely motions to modify sentence and in arrest of judgment, and these motions were denied by the trial court on November 9, 1998.  (Doc. 23 Ex. 1 at 3.)  On November 17, 1998, Petitioner filed a direct appeal to the Pennsylvania Superior Court, raising an ineffective assistance of counsel claim.  The Pennsylvania Superior Court affirmed Petitioner's conviction on September 23, 1999.  Nicholas did not file a petition for allowance of appeal to the Pennsylvania Supreme

---

[1]No traverse has been filed by Petitioner.  Under 28 U.S.C. § 2248, "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.

Court.

On June 29, 2000, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C. S. § 9541 *et seq.* The PCRA court denied relief on April 9, 2001, and Petitioner did not appeal the denial of his PCRA petition to the Pennsylvania Superior Court.

Thereafter, Petitioner commenced the instant habeas action, challenging the propriety of his conviction and sentence. Specifically, Petitioner alleges that he is being held unlawfully, and that he was found not guilty of the aggravated assault charge for which he is being held. (*See* Doc. 1, Part 2 at 1.) Apparently in support, Petitioner submitted a copy of the verdict sheet (Doc. 6 at 3), indicating a not guilty verdict at the bottom of the page. However, the not guilty verdict is designated to apply only to counts 1 and 3 of the three counts against Petitioner, and the sheet is quite clear at the top that Petitioner was found guilty of count 2, the aggravated assault charge.

In their partial answer to the petition, Respondents claim that the petition should be dismissed as untimely. The Court agrees.

## III.   <u>Discussion.</u>

Under the provisions of 28 U.S.C. § 2244(d)(1), a one-year statute of limitations is imposed on all habeas applications by persons ". . . in custody pursuant to the judgment of a State court . . .", which runs from ". . . the latest of -- (A) the date on which the judgment became final . . . (B) the date on which the impediment to filing . . . is removed . . . (C) the date on which the constitutional right asserted was initially recognized . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under the provisions of §2244(d)(2), "[t]he time

3

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).

Petitioner's challenged sentence, imposed on July 10, 1998, became final after the expiration of the thirty-day appeal period from the Superior Court's denial of Petitioner's direct appeal on September 23, 1999. *See* Pa. R. App. P. 113(a).   Therefore, the one-year statute of limitations began to run on October 23, 1999.   Although the one-year statute of limitations was tolled while Petitioner's PCRA petition was pending, the PCRA was merely pending from June 29, 2000 to April 9, 2001.   Thus, the limitations period began to run again on May 9, 2001, and the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) had long since expired when the instant petition was filed on May 18, 2006.[2] While the AEDPA's limitations period is subject to equitable tolling in certain limited situations, *Miller v. New Jersey State Dep't. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner has failed to submit any evidence or facts that warrant extending the deadline for him to file in this Court.   Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).   An appropriate order follows.


Dated: November 1, 2006._____     /s/ A. Richard Caputo_____
                                                             A. RICHARD CAPUTO
                                                             United States District Judge

---

[2]Although the case was not filed in this Court until June 26, 2006, the case was initiated in the United States District Court for the Western District of Pennsylvania on May 18, 2006, and it was subsequently transferred to this Court.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD J. NICHOLAS,                    :
                                       :
          Petitioner,                  :          CIVIL NO. 4:06-CV-1265
                                       :
     v.                                :          (Judge Caputo)
                                       :
MARILYN BROOKS, *et al.,*              :
                                       :
          Respondents.                 :

## O R D E R

**AND NOW, THIS 1st DAY OF NOVEMBER, 2006,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely,

      pursuant to the provisions of 28 U.S.C. § 2244(d)(1).

2.    Petitioner's Motion for Leave of Emergency Intervention (Doc. 39),

      Petitioner's Motion to Set Aside his Judgment of Sentence (Doc. 42),

      Petitioner's Motion For Certificate of Appealability (Doc. 43), and Petitioner's

      Motion for Change of Venue (Doc. 44) are **DENIED** as moot.

3.    The Clerk of Courts is directed to mark this case **CLOSED**.

4.    Based upon the foregoing, there is no basis for issuance of a certificate of

      appealability.

                              _____
                                   /s/ A. Richard Caputo
                                   A. RICHARD CAPUTO
                                   United States District Judge